# Exhibit A

| STATE OF TENNESSEE<br>23rd JUDICIAL DISTRICT<br>CIRCUIT COURT | **SUMMONS** | CIVIL ACTION NO:<br>6136 |
|---|---|---|
| PLAINTFF:<br>Maxwell G. Horkins, III | | DEFENDANT:<br>Midland Credit Management, Inc.<br>JUN 18 2012 |

TO: (NAME AND ADDRESS OF DEFENDANT)

J. Brandon Black - President
Midland Credit Management
8875 Aero Drive: Suite 200
W  San Diego, CA 92123
    Denver, CO 80202

Method of Service:

- G  Cheatham Co. Sheriff
- G  Comm. Of Insurance
- X  *Secretary of State
- G  Out of County Sheriff
- G  Private Process Server
- G  Other

List each defendant on a separate summons.    *Attached Required Fee

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN THE CIRCUIT COURT, CHEATHAM COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE PETITION.**

**Attorney for Plaintiff:**
(Name, address & telephone number)

Jason Barnette - BPR# 26960
2919 Shadyside Road
Saint Albans, West Virginia 25177
615-585-2245

**FILED, ISSUED & ATTESTED**

June 19, 2012

By: _____
    Julie Womack - Clerk
    100 Public Square: Suite 225
    Ashland City, TN 37015

By: Sharon Milling, d.c.
    Deputy Clerk

### NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SECRETARY OF STATE: | DATE RECEIVED |
|---|---|
| I hereby certify this to be a full, true, and perfect copy 6-19 2012<br>Attest: Sharon Milling Clerk D.C.<br>Julie Womack<br>Circuit Court Clerk | Secretary of State |

***Submit one original plus one copy for each defendant to be served.

&ADA Coordinator, (615) 790-5428

I hereby certify this to be a full, true, and perfect copy 7-26 2012
Attest: Sharon Milling Clerk D.C.
Julie Womack

COPY

IN THE CIRCUIT COURT OF CHEATHAM COUNTY, TENNESSEE
TWENTY THIRD JUDICIAL DISTRICT
AT ASHLAND CITY

JUN 18 2012

| | |
|---|---|
| MAXWELL G. HORKINS, III, ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO. 6136 |
| MIDLAND CREDIT MANAGEMENT, INC., ) | |
| Defendant. ) | |

## COMPLAINT

NOW Comes the Plaintiff, Max Horkins (hereinafter "Plaintiff"), by and through undersigned counsel, and for his complaint against Midland Credit Management, Inc., (hereinafter "Defendant"), represents to this Honorable Court the following:

Plaintiff brings this forth this complaint for damages based upon Defendants' violations of the Telephone Communications Protection Act (hereinafter "TCPA") 47 U.S.C. § 227, et. seq. Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. § 1692, et. seq., and intentional and/or negligent infliction of emotional distress.

### PARTIES

1. Plaintiff has at all times relevant to matters herein been a citizen of Cheatham County, Tennessee.

2. Plaintiff is a protected "called party" under the auspices of TCPA, 47 U.S.C. § 227(b)(iii) and 47 U.S.C. § 227(B).

3. Plaintiff is a "consumer" under the contemplation of FDCPA, 15 U.S.C. § 1692a(3).

4. Defendant is a foreign corporation located at 8875 Aero Drive: Suite 200, San Diego, California, 92123, that is conducting business in Cheatham County, Tennessee by virtue of its' calls to Plaintiff's cellular telephone and residential telephone while using an "automated telephone dialing system" within the same.

5. Defendant is "person" pursuant to the TCPA, 47 U.S.C. § 227(b)(iii) and 47 U.S.C. § 227(B).

6. Defendant is a "debt collector" as defined within the meaning of FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

7. Plaintiff adopts and incorporates, by reference, all of the proceeding paragraphs as if fully set forth hereunder.

8. Jurisdiction and venue of this action is properly vested in the in the Circuit Court of Cheatham County, Tennessee insofar as Defendant was and is transacting business in the same at all times relevant herein and Defendants acts and omissions caused harm to manifest itself to Plaintiff in the same.

## STATEMENT OF FACTS

9. Plaintiff adopts and incorporates, by reference, all of the proceeding paragraphs as if fully set forth hereunder.

10. Defendant has called Plaintiff's cellular telephone and residential telephone at least 138 times from May 6, 2012 through June 11, 2012 and continues to call each day.

11. Defendant has used an "automatic telephone dialing system" on each call to Plaintiff.

12. Plaintiff never gave Defendant express consent to call him, never gave the same permission to call him, is not a non-profit business organization and has no established business relationship with Defendant.

13. On June 4, 2012, Defendant received a written communication sent by Plaintiff - U.S. Mail Certified Mail – explicitly requesting that Defendant stop calling him.

14. Plaintiff, therein, requested validation of the alleged underlying debt Defendant has incessantly called about.

15. Plaintiff, therein, advised Defendant that he was represented by undersigned counsel.

16. On June 6, 2012, Plaintiff spoke with a representative of Defendant, informed him of said communication and its contents yet Defendant demanded payment regardless.

17. Defendant has continued to call as of June 14, 2012.

18. Defendant is thereby in violation of 47 U.S.C. § 227(b)(iii) and 47 U.S.C. § 227(B).

19. Defendant is thereby in violation of FDCPA, 15 U.S.C. § 1692c(2).

20. Defendant is thereby in violation of FDCPA, 15 U.S.C. § 1692c(c).

21. Defendant is thereby in violation of FDCPA, 15 U.S.C. § 1692d(5).

22. Defendant is thereby in violation of 15 U.S.C. § 1692e(5), insofar as it has taken action that cannot legally be taken.

23. Plaintiff was damaged and continues to be damaged by the above referenced actions and inactions of Defendant and is entitled to equitable and legal relief.

3

## COUNT I
## 47 U.S.C. § 227(b)(iii)

24. Plaintiff adopts and incorporates, by reference, all of the proceeding paragraphs as if fully set forth hereunder.

25. Defendant has willfully and/or negligently failed to comply with TCPA requirements imposed by 47 U.S.C. § 227(b)(iii) insofar as Defendant has taken action as mentioned in Paragraphs 10 through 17.

26. Defendants failure comply with TCPA requirements prescribed under 15 U.S.C. § 227(b)(iii) was the proximate cause of Plaintiff's injuries for which Plaintiff seeks redress, including, but not limited to, statutory, treble, and punitive damages as well as attorney fees and costs which are provided under TCPA.

## COUNT II
## 47 U.S.C. § 227(B)

27. Plaintiff adopts and incorporates, by reference, all of the proceeding paragraphs as if fully set forth hereunder.

28. Defendant has willfully and/or negligently failed to comply with TCPA requirements imposed by 47 U.S.C. § 227(B) insofar as Defendant has taken action as mentioned in Paragraphs 10 through 17.

29. Defendants failure comply with TCPA requirements prescribed under 15 U.S.C. § 227(B) was the proximate cause of Plaintiff's injuries for which Plaintiff seeks redress, including, but not limited to, statutory, treble, and punitive damages as well as attorney fees and costs which are provided under TCPA.

## COUNT III
## 15 U.S.C. § 1692c(2)

30. Plaintiff adopts and incorporates, by reference, all of the proceeding paragraphs as if fully set forth hereunder.

31. Defendant has willfully and/or negligently failed to comply with FDCPA requirements imposed by 15 U.S.C. § 1692c(2) insofar as Defendant continued to contact Plaintiff after being made aware he was represented by an attorney with respect to the alleged underlying debt for which Defendant was calling.

32. Defendants failure comply with FDCPA requirements prescribed under 15 U.S.C. § 1692c(2) was the proximate cause of Plaintiff's injuries for which Plaintiff seeks redress, including, but not limited to, statutory, actual, and punitive damages as well as attorney fees which are provided under FDCPA.

## COUNT IV
## 15 U.S.C. § 1692c(c)

33. Plaintiff adopts and incorporates, by reference, all of the proceeding paragraphs as if fully set forth hereunder.

34. Defendant has willfully and/or negligently failed to comply with FDCPA requirements imposed by 15 U.S.C. § 1692c(c) insofar as Defendant has taken action wherein it continued to contact Plaintiff after his notice to it not to contact him.

35. Defendants failure comply with FDCPA requirements prescribed under 15 U.S.C. § 1692c(c) was the proximate cause of Plaintiff's injuries for which Plaintiff seeks redress, including, but not limited to, statutory, actual, and punitive damages as well as attorney fees which are provided under FDCPA.

5

Case 3:12-cv-00784 Document 1-1 Filed 07/30/12 Page 7 of 10 PageID #: 11

## COUNT V
## 15 U.S.C. § 1692d(5)

36. Plaintiff adopts and incorporates, by reference, all of the proceeding paragraphs as if fully set forth hereunder.

37. Defendant has willfully and/or negligently failed to comply with FDCPA requirements imposed by 15 U.S.C. § 1692d(5) insofar as Defendant taken action as mentioned in Paragraphs 10 through 17 and the same can only be construed as being made with the intent to harass and annoy.

38. Defendants failure comply with FDCPA requirements prescribed under 15 U.S.C. § 1692d(5) was the proximate cause of Plaintiff's injuries for which Plaintiff seeks redress, including, but not limited to, statutory, actual, and punitive damages as well as attorney fees which are provided under FDCPA.

## COUNT VI
## 15 U.S.C. § 1692e(5)

39. Plaintiff adopts and incorporates, by reference, all of the proceeding paragraphs as if fully set forth hereunder.

40. Defendant has willfully and/or negligently failed to comply with FDCPA requirements imposed by 15 U.S.C. § 1692e(5) insofar as Defendant has taken action that cannot legally be taken as mentioned in Paragraphs 10 through 17.

41. Defendants failure comply with FDCPA requirements prescribed under 15 U.S.C. § 1692e(5) was the proximate cause of Plaintiff's injuries for which Plaintiff seeks redress, including, but not limited to, statutory, actual, and punitive damages as well as attorney fees which are provided under FDCPA.

## COUNT VII
### Intentional and/or Negligent Infliction of Emotional Distress

42. Plaintiff adopts and incorporates, by reference, all of the proceeding paragraphs as if fully set forth hereunder.

43. Defendant intentionally and/or negligently caused severe emotional distress and injury to Plaintiff.

44. Defendants conduct offended the generally accepted standards of decency and morality insofar as its actions are outrageous.

45. Plaintiff suffered emotional distress and injuries and continues to suffer from the same.

46. Defendants conduct is causally connected to Plaintiffs emotional distress and personal injuries.

47. Defendants actions constitute an intentional state law tort claim which precludes removal of this matter.

### PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff prays for judgment against Defendant for damages and relief as follows:

a. Mental anguish and emotional distress, past, current, and future;

b. Annoyance and inconvenience, past, current and future;

c. All compensatory damages;

d. Punitive and/or treble damages;

e. Attorney's fees and costs;

f. All statutory relief to which Plaintiff is entitled;

g. All legal relief to which Plaintiff is entitled;

7

h.  All equitable relief to which Plaintiff is entitled;

i.  Post-judgment interest; and

j.  Any and all other relief this honorable Court deems appropriate.

Respectfully submitted,

By: _____
Jason Barnette, Esq. – BPR# 26960
Attorney for Plaintiff:
Barnette Law Offices
Mailing: 2919 Shadyside Road
Saint Albans, WV 25177
Physical: 309 Hollow Tree Court
Nashville, Tennessee 37221
Phone: 615-585-2245
Facsimile: 615-250-8787